# United States Court of Appeals for the Fifth Circuit

————————

No. 24-30452
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marvin Legendre,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-51-1

———————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Marvin Legendre challenges his jury-trial conviction for: two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). (He was sentenced, *inter*

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*alia*, to a total of 300-months' imprisonment.)  He contends:  the district court improperly commented in the presence of the jury on his failure to testify, violating his Fifth Amendment rights; and the claimed error was not harmless.

Following a bench conference, the challenged comments were made at the conclusion of the Government's case in the presence of the jury.  The court asked Legendre if he was going to testify and followed with clarifying questions to ensure that he understood he had the right to do so regardless of what his counsel advised.  His counsel did not object to the questions contemporaneously; but, the following day, Legendre moved for a mistrial based on the court's reference to his failure to testify.  The court denied his motion and provided the jury with the curative instruction that they "should not and cannot draw any adverse inference at all from the election of a defendant not to testify".  The court gave a similar instruction at the end of trial.  The jury returned a guilty verdict for all five counts.  Legendre then filed a motion for a new trial under Federal Rule of Criminal Procedure 33 based, *inter alia*, on the same comment, which was also denied.  In doing so, and concerning the challenged comments, the court "acknowledge[d] that best practice would have been to question the Defendant outside the presence of the jury".

The district court's refusal to grant a motion for mistrial and a motion for new trial are reviewed for abuse of discretion.  *United States v. Pando Franco*, 503 F.3d 389, 393 (5th Cir. 2007) (mistrial); *United States v. Hoffman*, 901 F.3d 523, 552 (5th Cir. 2018) (new trial).  Whether the challenged comments violated Legendre's Fifth Amendment right not to testify is a constitutional question of law, reviewed *de novo*.  *Pando Franco*, 503 F.3d at 393.

No. 24-30452

The Fifth Amendment guarantees defendants the right to remain silent. U.S. Const. amend. V. Accordingly, to protect this right, prosecutors and judges are prohibited from commenting adversely on defendant's silence at trial, *e.g.*, *United States v. Rochan*, 563 F.2d 1246, 1249 (5th Cir. 1977), or asking the jury to draw adverse inferences from that silence, *e.g.*, *United States v. Robinson*, 485 U.S. 25, 32 (1988). Review of an assertion of a Fifth Amendment violation on this ground requires us to first consider whether the challenged comment was constitutionally impermissible; and, if so, whether the comment was nonetheless harmless beyond a reasonable doubt. *United States v. Virgen-Moreno*, 265 F.3d 276, 292 (5th Cir. 2001).

Trial comments are constitutionally impermissible if the "manifest intent was to comment on the defendant's silence", or if "the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence". *Id.* at 291 (quoting *United States v. Grosz*, 76 F.3d 1318, 1326 (5th Cir. 1996)). The prosecutor's or judge's intent is not manifest if there is an "equally plausible explanation for the remark". *Id.* (citation omitted). Similarly, the "'naturally and necessarily construed' prong is not established if the jury merely possibly or probably viewed the challenged remark as a comment on the defendant's silence". *Id.*; *see United States v. Bohuchot*, 625 F.3d 892, 901 (5th Cir. 2010).

Along that line, the challenged remarks "must be viewed within the context of the trial in which they are made". *United States v. Dula*, 989 F.2d 772, 776 (5th Cir. 1993). For example, the Supreme Court has held that a trial judge's mere reference to defendant's silence is not *per se* constitutionally impermissible. *E.g.*, *Lakeside v. Oregon*, 435 U.S. 333, 338 (1978) (holding it is constitutionally permissible for trial judge to give protective instruction regarding defendant's silence despite defendant's objection). In *Lakeside*, the Court noted that it was not impermissible for "a

3

trial judge to draw the jury's attention in *any way* to a defendant's failure to testify"; rather, the violation occurs when a trial judge makes *adverse* comments or instructions, equating defendant's silence to evidence of guilt. *Id.* at 338–39 (emphasis added).

The record does not show the court had the manifest intent to comment on Legendre's failure to testify, nor does it show the jury would naturally and necessarily construe it as an adverse comment on his silence. *E.g.*, *Virgen-Moreno*, 265 F.3d at 291. Considered in the appropriate context, the earlier-referenced bench conference prior to the disputed exchange shows the court's intent was only to confirm, on the record, Legendre's decision not to testify. (His counsel did not object to this plan or request to have the jury excused.) Adding to the context, the court's first question was simply whether the defense had witnesses or evidence to present, to which defense counsel responded, "Your Honor, not at this time. Mr. Legendre is *choosing and exercising his right not to testify*". (Emphasis added.) In short, it was Legendre who first drew attention to his failure to testify; and it is an "equally plausible explanation" that the comments made by the court in the subsequent brief exchange can be understood as the court's confirming he did not, in fact, intend to testify and ensuring he understood his right to do so. (Again, his counsel did not contemporaneously object to this exchange, request the jury to leave, or ask for a curative instruction.)

Relatedly, the jury would not have "naturally and necessarily construed" the court's remarks as an adverse comment on Legendre's silence. *E.g.*, *United States v. Rocha*, 916 F.2d 219, 232–33 (5th Cir. 1990) (holding district judge's comment was attempt to explain to jury why session ended early, not remark on defendant's failure to testify). Accordingly, the challenged comments were not constitutionally impermissible.

Even assuming *arguendo* the court's comments were constitutionally impermissible, it does not "cast[] serious doubt on the correctness of the jury's verdict"; *i.e.*, it was harmless beyond a reasonable doubt. *United States v. Murra*, 879 F.3d 669, 684 (5th Cir. 2018) (relevant factors include: magnitude of prejudicial effect of remarks; efficacy of any cautionary instruction by judge; and strength of evidence supporting conviction). To the extent the remarks were at all prejudicial, the magnitude was minimal, as it was a brief, isolated exchange "which did not 'strike at the jugular' of the defense". *Id.* at 685 (citation omitted). Moreover, the court issued the curative instruction on resuming trial the following morning. *United States v. Owens*, 683 F.3d 93, 104 (5th Cir. 2012) ("[J]urors are presumed to follow the instructions given to them by the court."). Finally, there was substantial evidence supporting Legendre's conviction, including, *inter alia*, DNA evidence, cellular telephone site location evidence, and video evidence from the interior of his home from around the time of the robbery.

Because Legendre has not shown the district court's comments violated his Fifth Amendment right to remain silent, the court did not abuse its discretion in denying either his motion for a mistrial or his motion for a new trial. *E.g.*, *Pando Franco*, 503 F.3d at 393; *Hoffman*, 901 F.3d at 552.

AFFIRMED.